Cervantes-Mencia v. Blanche

BIA
Nelson, IJ
A208 882 261

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty-six.

PRESENT:
>       REENA RAGGI,
>       BETH ROBINSON,
>       MARIA ARAÚJO KAHN,
>             *Circuit Judges.*

_____

ALEJANDRO CERVANTES-MENCIA,
>       *Petitioner*,

>       v.                                                      **25-412**

>                                                               **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

**FOR PETITIONER:**          Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brett A. Shumate, Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alejandro Cervantes-Mencia, a native and citizen of Honduras, seeks review of a February 7, 2025, decision of the BIA affirming an April 5, 2022, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alejandro Cervantes-Mencia*, No. A208 882 261 (B.I.A. Feb. 7, 2025), *aff'g* No. A208 882 261 (Immig. Ct. N.Y. City Apr. 5, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026) (explaining that in determining whether a given set of facts rises to the level of persecution, "§ 1252(b)(4)(B) requires courts to review the entirety of the agency's conclusions— both the underlying factual findings and the application of the INA to those findings—for substantial evidence.").

To establish eligibility for asylum and withholding of removal, Cervantes-Mencia had to show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Cervantes-Mencia alleged past persecution and a fear of future persecution on account of his membership in two particular social groups: (1) relatives of his cousin Alex and (2) members or former members of Ultra Fiel, a social fan club for a local soccer team he supported. Substantial evidence supports the agency's dispositive findings that Cervantes-Mencia did not establish that his membership in either proposed social group was a central reason for the harm that he suffered or feared.

Cervantes-Mencia had to demonstrate that his membership in his particular social groups was "one central reason" for the threats against him. *Quituizaca*, 52 F.4th at 114–15. "To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted [him] on account of [his] membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quotation marks and citation omitted). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases) . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15 (quotation marks omitted).

We review nexus determinations for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). "Under that standard, we must uphold agency factfinding unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021) (quotation marks omitted); *see also Urias-Orellana*, 607 U.S. at 543–45.

4

Cervantes-Mencia argues that his persecutors had mixed motives and acted based on his familial relationship to his cousin Alex, his membership in Ultra Fiel, and a memorial in honor of his cousin that he posted to social media. The agency found that the central reason for the threats directed at Cervantes-Mencia was because of the memorial post for his cousin, not on account of membership in either proposed social group. The record does not compel a contrary conclusion.

Cervantes-Mencia alleged that Alex was the leader of Ultra Fiel when he and another Ultra Fiel member were murdered, supposedly by members of La Revo, a rival club. Ultra Fiel members warned Cervantes-Mencia that La Revo was going to attack other members; shortly thereafter, another Ultra Fiel member was murdered. But Cervantes-Mencia was threatened only after he posted an online memorial. Although La Revo members yelled "Death to Ultras" at the home Cervantes-Mencia shared with his grandmother, his grandmother stated that he was threatened "because of the simple fact that he had written a memorial message about his cousin Alex" and that La Revo members told her that the memorial message threatened death to La Revo. Given this evidence that Cervantes-Mencia was not threatened until after his post and that La Revo perceived the post as threatening, the record does not compel the conclusion that

5

his association with Ultra Fiel was a central reason that he was or would be targeted. *See Quintanilla-Mejia*, 3 F.4th at 592 (holding that petitioner "cannot secure . . . relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"); *Garcia-Aranda*, 53 F.4th at 757 (requiring that membership in a group be central, rather than tangential or incidental).

Similarly, substantial evidence supports the agency's conclusion that Cervantes-Mencia failed to show that his relationship to his cousin was a central reason for his past or future harm. *See Garcia-Aranda*, 53 F.4th at 757. "[T]he fact that a persecutor has threatened an applicant and members of his . . . family does not necessarily mean that the threats were motivated by family ties." *Id*. And apart from the threats directed at him and at him through his grandmother, he did not assert that other family members were targeted, which undercuts his claim that he was targeted because he was Alex's cousin, rather than because La Revo took offense to his memorial for Alex on Facebook. *See id*.

Because the agency's nexus findings are dispositive of asylum and withholding of removal, we need not reach the agency's other reasons for denying these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision

6

of which is unnecessary to the results they reach.")  Finally, Cervantes-Mencia has abandoned review of his CAT claim by failing to raise it meaningfully in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending applications are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court